IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOHNNYE H. PASS, and
FAITH PASS-BASS                                                                                   PLAINTIFFS

V.                                                                            CAUSE NO. 3:13-CV-00016-SA-SAA

GOVERNMENT EMPLOYEES
INSURANCE COMPANY                                                                                  DEFENDANT

**MEMORANDUM OPINION**

Before the Court are Plaintiffs' Motion to Change Venue [33] and Motion to Substitute Party [34]. Both are untimely, without merit, and therefore DENIED.

Procedural Background

Plaintiffs Johnnye H. Pass and Faith Pass-Bass filed this insurance-coverage dispute in state court. The Defendant, Government Employees Insurance Company ("GEICO") subsequently removed to this Court in January 2013. Since that time, Plaintiffs have sought only delay. Trial was originally set in July 2014, but the Court granted a continuance, resetting the date for November 3, 2014. Less than a month before trial, the Plaintiffs filed their second Motion for Continuance [32], which the Court denied. Then, within eleven days of trial and nearly seven months after the deadline, Plaintiffs filed the current motions.

To support their Motion to Change Venue [33], Plaintiffs argue they will suffer prejudice if trial is held in Aberdeen, Mississippi, because this places an important witness beyond the Court's subpoena power. On the Plaintiffs' Motion to Substitute Party [34], they argue that one plaintiff now suffers from severe dementia, and that her attorney-in-fact should take her place in the suit. The Court will consider both motions' timeliness, and then evaluate the substantive arguments in turn.

*Discussion and Analysis*

Motions Deadline

Uniform Local Civil Rule 7(b)(11) provides that "[a]ny nondispositive motion served beyond the motion deadline imposed in the Case Management Order may be denied solely because the motion is not timely served." Under the Case Management Order [11], motions were due on March 27, 2014. The Plaintiffs did not file their motions to change venue and substitute party until October 24, 2014.[1] This was not even a colorable attempt at timeliness. While such a delay would alone be a sufficient basis for denial, Plaintiffs' motions lack not only punctuality, but also merit.

Intradistrict Transfer

Plaintiffs move to try the case in Oxford, Mississippi, presumably under 28 U.S.C. § 1404(a), claiming that prejudice will otherwise result because compulsory process is unavailable to secure a key witness' presence in Aberdeen, Mississippi. See FED. R. CIV. P. (c)(1) (For out of state witnesses, "[a] subpoena may command a person to attend a trial . . .within 100 miles of where the person resides, is employed, or regularly transacts business in person"). This Court and the Fifth Circuit have explicitly stated that, "to justify an intradistrict transfer[,]" there must be a "strong showing of prejudice . . . ." United States v. Gourley, 168 F.3d 165, 168 (5th Cir. 1999); Johnson v. Lewis, 645 F. Supp. 2d 578, 586 (N.D. Miss. 2009). The Court, in deciding

---

[1] Counsel contends that she could not have acted timely with regard to the motion to substitute since she did not learn about the reason for substitution—her client's mental condition—until after the final pretrial conference. But she gives no timetable for when she first found out. It could have been just one day after the pretrial conference, which would mean she delayed in filing her motion for well over three months.

whether to transfer, has "broad discretion." Johnson, 645 F. Supp. 2d at 586 (quoting In re Volkswagen, 545 F.3d 304, 311 (5th Cir. 2008)).[2]

This Court, in Johnson, addressed the prejudicial effect when parties are unable to compel witness' attendance. Id. at 586-87. It held that "any prejudice resulting from their absence would be greatly lessened by the fact that the parties had the opportunity to depose them." Id. Even though counsel may have conducted the depositions differently had he known the deposition would ultimately serve as trial testimony, "the issue of whether a deponent might be unavailable at trial is one which any lawyer should consider in deciding how to question that witness." Id. Accordingly, the Court found no strong showing of prejudice. Id.

Like in Johnson, Plaintiffs' counsel had ample opportunity to depose her witness; she just failed to do so. While readily admitting that she overlooked Rule 45(c)'s requirements for compulsory process, she argues that the Court should not penalize the Plaintiffs for her oversight. The fact that her clients may lose a key witness could very well constitute significant prejudice. However, on a motion to transfer venue, the Court considers prejudice caused *by the venue*, see Gourley, 168 F.3d at 168, not that caused by Plaintiffs' attorney. This is an issue that "any lawyer should consider . . . ." Johnson, 645 F. Supp. at 587.

Plaintiffs' motion additionally lacks the clarity required to support transfer. Though "[c]ourts have recognized that availability and convenience of witnesses is an important factor in a § 1404(a) analysis, . . . the party moving for transfer must do more than 'make a general allegation that certain key witnesses are needed.'" Tegrity Contractors, Inc. v. Spectra Grp., Inc., 2013 WL 654924, at *4 (E.D. La. Feb. 21, 2013) (quoting Dupre v. Spanier Marine Corp., 810 F. Supp. 823, 825 (S.D. Tex 1993)). The only identification provided for Plaintiffs' allegedly "key"

---

[2] This Court randomly assigns cases and requires parties to appear for trial at the judge's "duty station," even if the case is filed in a different division. Williams v. City of Cleveland, 848 F. Supp. 2d 646, 651 (N.D. Miss. 2012) (providing a comprehensive discussion about the assignment process in this District).

witness is the bare assertion in their motion that he or she "is not a party[,] . . . is from the bank, . . . and must travel from Cordova, Tennessee." Without more, the Court has no way to assess the prejudice that Plaintiffs will suffer by losing this witness' testimony. For these reasons, Plaintiffs have demonstrated little, if any, prejudice that will result from an Aberdeen trial. Thus, their motion to transfer venue is without merit.

Party Substitution

Plaintiffs next move to substitute Jeryl P. Jones as plaintiff for Pass pursuant to a durable power of attorney attached to their motion. Federal Rule of Civil Procedure 25 enumerates four specific situations where party substitution is available. Although Plaintiffs articulate no basis for substitution, the most applicable provision is found in Rule 25(b). When "a party becomes incompetent, the court *may*, on motion, permit the action to be continued by or against the party's representative." FED. R. CIV. P. 25(b) (emphasis added).

The Court will not, in its discretion, permit substitution. There is no evidence that Pass has been declared legally incompetent in a court proceeding. And even though factual incompetence may be sufficient under the Federal Rules of Civil Procedure,[3] the Court finds that substitution is not, as Plaintiffs contend, necessary to ensure the "parties can be properly represented in this matter" at this late stage. Though the Court *may* allow substitution, it declines to do so under the circumstances presented here. See FED. R. CIV. P. 25(b).

*Conclusion*

Because the Plaintiffs' Motion to Change Venue [33] and Motion to Substitute Party [34] were filed well beyond the deadline and are otherwise without merit, they are both DENIED.

---

[3] See FED. R. CIV. P. 17(c) (detailing the method for "incompetent person who does not have a duly appointed representative" to sue); First Nat. City Bank v. Gonzalez & Co. Sucr. Corp., 308 F. Supp. 596, 599 (D.P.R. Nov. 5, 1998) (finding that former rule governing service on incompetent persons applied even though incompetency proceedings had not yet taken place); but see Kuelbs v. Hill, 615 F.3d 1037, 1041 (2010) (finding Rule 25(b) applicable when state court declared the plaintiff incompetent).

SO ORDERED, this 31st day of October, 2014.

                                                   **/s/ Sharion Aycock**
                                                   **U.S. DISTRICT JUDGE**