IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOHNNYE H. PASS, and
FAITH PASS-BASS                                                                    PLAINTIFFS

V.                                                            CAUSE NO. 3:13-CV-00016-SA-SAA

GOVERNMENT EMPLOYEES
INSURANCE COMPANY                                                              DEFENDANT

### Order

Plaintiffs Faith Pass-Bass and Johnnye H. Pass have filed two Motions for Reconsideration [42, 43] asking the Court to reconsider its Order Denying Plaintiffs' Motion to Continue and its Order denying their Motions to Change Venue and Substitute Party [40]. The Court will take each in turn.

### Motion to Continue

The decision to grant a continuance is within the trial court's discretion. Gandy v. Alabama, 569 F.2d 1318, 1322 (5th Cir. 1978). The Court may consider many factors, including "whether other continuances have been requested and granted." Id. at 1324.

For example, in the criminal context, the Fifth Circuit affirmed a court's decision to deny continuance even though it left the defendant unrepresented at trial, implicating the Sixth Amendment right to counsel. U.S. v. Mitchell, 777 F.2d 248, 257 (5th Cir. 1985). This decision was based, in part, on the fact that the party and his attorney knew about attorney's scheduling conflict months in advance, but the motion was filed within days of trial. Id.

A similar delay exists in this case. Trial is set for November 3, 2014, one day before an election in which Plaintiffs' counsel is a candidate. Plaintiffs could have filed their motion at any time after July 23, 2014, when they learned of the problematic date. Instead, they waited until

October, 9, 2014, less than a month before trial. A continuance at this point would result in unnecessary expense, as the Court has already ordered a jury.

In addition, this is not the first request of this nature. Trial was originally set for July 28, 2014. The Plaintiffs moved for a continuance, which this Court granted on July 23, 2014. When the Court has already granted a prior continuance, it weighs against granting a second. See Gandy, 569 F.2d at 1324 (Among factors to consider when deciding a continuance motion are "whether other continuances have been requested and granted"). For these reasons, Plaintiffs' motion is denied and this case will be tried as scheduled.

## Motion to Change Venue

In re-urging the Court to transfer this case to Oxford, Mississippi, Plaintiffs emphasize the importance of a witness who lives within subpoena power of the courthouse in Oxford, but beyond that of the courthouse in Aberdeen. Here, the Court reiterates its reasons set forth for denying Plaintiffs' earlier motion set forth in the Memorandum Opinion [41] entered earlier this day. Under Uniform Local Civil Rule 7(b)(11), the Court is not required to give a reason for denying the motion, as it was untimely. But even if timely, transferring venue here would be inappropriate. Within the Northern District of Mississippi, intradistrict transfer requires "a strong showing of prejudice." Johnson v. Lewis, 645 F. Supp. 2d 578, 587 (N.D. Miss. 2009). The fact that counsel had an opportunity to depose this purportedly important witness before trial greatly lessens any prejudice caused by the venue. Johnson v. Lewis, 645 F. Supp. 2d 578, 587 (N.D. Miss. 2009). As the Court noted in its Memorandum Opinion [41], any prejudice caused by counsel's failure to depose a key witness who is not subject to compulsory process does not form a basis for a change of venue under 28 U.S.C. § 1404.

Motion to Substitute Party

In asking the Court to allow Jeryl P. Jones to substitute as a party for Johnnye Pass, her counsel states that she is concerned about Pass' ability to sit through court proceedings and testify. The Court is sensitive to these concerns. There is however, no requirement that Pass testify, and the Court is willing to excuse Pass from attending trial. Arrington v. Robertson, 114 F.2d 821, 823 (3rd Cir. 1940) (Explaining that a party may waive the right to be present at trial by leaving the courtroom, at which time "the trial judge may proceed with the trial in his absence"); see also Blair v. Faust, 408 S.W. 3d 98, 102 (Mo. 2013) ("When a party is represented by counsel, she has the right to personally appear, *or not*, at her trial) (emphasis added). For this reason, as well as those previously stated in the Memorandum Opinion [41], Plaintiffs' motion is DENIED.

Conclusion

For the foregoing reasons, the Plaintiffs' Motions for Reconsideration [42, 43] are DENIED.

SO ORDERED, this 31st day of October, 2014.

/s/ Sharion Aycock  
**U.S. DISTRICT JUDGE**

.